UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA ANNE KESLER,

                                  Plaintiff,        CIVIL CASE NO. 04-40235

v.

BARRIS, SOTT, DENN & DRIKER, PLLC,        HONORABLE PAUL V. GADOLA
                                                               U.S. DISTRICT JUDGE
                              Defendants.
_____/

## **ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION**

This civil action, brought by Plaintiff Rebecca Anne Kesler, seeks relief from her former employer, Defendant Barris, Sott, Denn & Driker, PLLC (BSDD), based on events relating to her previous employment with, and termination by, BSDD. Now before the Court are Magistrate Judge Paul Komives' February 28, 2008 Report and Recommendation and the objections of each party, along with the corresponding responses and replies. For the reasons stated below, the Court will deny the objections of each party and accept the February 28, 2008 Report and Recommendation as the opinion and order of the Court.

Previously, on December 19, 2006, Magistrate Judge Komives issued a Report and Recommendation as to Defendant's motion to dismiss and motion for summary judgment. After review of the parties' objections to that Report and Recommendation, portions of the Report and Recommendation were accepted and portions were rejected. *See* Order of March 30, 2007 [docket entry #72]. Additionally, for the reasons stated more fully in that order, Defendant was ordered to file an amended motion for summary judgment. Defendant filed the amended motion. That motion

forms the basis of Magistrate Judge Komives' Report and Recommendation now before the Court. Magistrate Judge Komives recommends the Court conclude that: (1) Plaintiff's affidavit is not a sham affidavit and provides direct evidence of discrimination in support of her claim; (2) Defendant is entitled to summary judgment on Plaintiff's Family Medical Leave Act interference claim based upon Plaintiff being required to work on September 17, 2002, because there is no evidence that she had a serious health condition on that date that entitled her to FMLA leave; (3) Defendant is not entitled to summary judgment on Plaintiff's remaining FMLA interference claims or on Plaintiff's FMLA retaliation claim because there are genuine issues of material fact, most notably through Reynolds's statements to Plaintiff, as to whether Plaintiff was denied benefits to which she was entitled under FMLA and as to whether Defendant discriminated against her for taking FMLA leave; and (4) Defendant is entitled to summary judgment on Plaintiff's ADA claims because there is no genuine issue of material fact with respect to whether Plaintiff was "disabled" and thus protected by the ADA.

Plaintiff objects to the Report and Recommendation on several grounds. First, Plaintiff argues that contrary to Magistrate Judge Komives' conclusion, she "presented more than sufficient evidence that [she] was disabled," for the purposes of the ADA. Second, Plaintiff argues that she "has presented sufficient argument and evidence to preclude summary judgment" with respect to the issue of whether her ADA claims are time barred. Third, Plaintiff maintains that significant portions of the Report and Recommendation should be rejected because they relate to arguments raised by Defendant for the first time in the amended motion for summary judgment. In support of each of these arguments, Plaintiff does not present any new rationale or analysis of the Magistrate's

reasoning, but instead merely states that she "relies on and incorporates by reference her arguments as well as the evidence and facts set forth" in her response in opposition to Defendant's amended motion for summary judgment.

Defendant objects to the Report and Recommendation in several aspects as well. First, Defendant argues that Plaintiff's affidavit regarding the statements of Michael Reynolds contradicts her deposition testimony and therefore should not be considered. Defendant also argues that the affidavit is a "sham" affidavit and should be disregarded on this ground as well. Second, Defendant argues that Plaintiff was not an FMLA eligible employee and, in the alternative, there can be no FMLA interference claim because Plaintiff was not required to work while she was on leave. Finally, Defendant objects to certain conclusions in the Report and Recommendation, but only to the extent that the Court sustains Plaintiff's objection that she was an "individual with a disability" under the ADA.

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72, that states, in relevant part:

> **Resolving Objections**. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence;

or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Here, because both parties filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807. *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id*; 12 Wright, Federal Practice § 3070.2. Because both parties have filed objections to the magistrate judge's Report and Recommendation, this Court will review those portions of the record *de novo*.

The Court begins by addressing Plaintiff's objections. Each of Plaintiff's first two objections are general objections that the magistrate judge erred because Plaintiff had "presented more than sufficient evidence" to survive summary judgment on the issues as to whether Plaintiff was an "individual with a disability" under the ADA and whether her ADA claims were time-barred. Plaintiff presents no substantive arguments regarding the allegedly faulty analysis by the magistrate

4

judge but instead seeks to rely upon the arguments and facts set forth in her response to Defendant's motion for summary judgment. Despite the general nature of Defendant's objections, in the interests of justice, the Court has conducted a *de novo* review of the very same facts and arguments presented by the parties with respect to the motion for summary judgment. *But cf. Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. . ."); *Howard v. Sec. of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991)("[T]he Court should treat the general objection as if the party had failed to file any objection.").

Following the aforementioned review, the Court can assign no error to Magistrate Judge Komives' conclusion that Plaintiff was not an "individual with a disability" under existing ADA case law because the impairment's impact was not "permanent or long term." Because the Court has concluded that Plaintiff was not an "individual with a disability" for purposes of her ADA claim, the Court need not consider Plaintiff's objection with respect to the conclusion that all but her termination claim is time barred.

Finally, the Court has considered Plaintiff's last objection, that "the Court's [March 30, 2007 order accepting and adopting in part, rejecting in part, the previous Report and Recommendation and requiring Defendant to submit an amended motion for summary judgment] limited the scope of issues such that the new issues [raised by Defendant in the amended motion for summary judgment] should not be considered by this Court." Pl's Objs., p. 4. The Court disagrees with Plaintiff's reading of the March 30, 2007 order. In the order, the Court explicitly noted that issues that were already decided by the Court were not to be rehashed but that certain issues required additional

argument. Nothing in that order prevented Defendant from raising any of the arguments presented in the amended motion for summary judgment. Accordingly, all of Plaintiff's objections will be denied.

Turning to examine Defendant's objections, those too will be denied. Defendant's first objection– as to the contradictory nature of Plaintiff's affidavit and her deposition testimony– was previously considered, and ruled upon, in the Court's March 30, 2007 order. The Court cannot now revisit that issue in this context. Second, the Court agrees with Magistrate Judge Komives' analysis as to whether Plaintiff' affidavit should otherwise be excluded. Magistrate Judge Komives duly considered the relevant factors and the case of *Briggs v. Potter*, 463 F.3d 507, 512-14 (6th Cir. 2006), before concluding that exclusion of the affidavit at the summary judgment stage would be inappropriate. The Court agrees. Under *Briggs*, any conclusion that the affidavit should be excluded at this stage would be "inconsistent with the district court's obligation to view the evidence in the light most favorable" to the non-moving party. *See id.*

Next, Defendant argues that Plaintiff was not an FMLA eligible employee and, in the alternative, there can be no interference claim because Plaintiff was not required to work while she was on leave. With respect to Defendant's argument that Plaintiff was not statutorily eligible for FMLA leave, that issue was already considered, and ruled upon, in the Court's March 30, 2007 order. Additionally, the Magistrate Judge's conclusion that employer questions to employees while on FMLA leave and employer requests that the employee perform work duties while on FMLA leave are sufficient to constitute an FMLA interference claim is supported by relevant case law. *See e.g.*, *Arban v. West Pub. Corp.*, 345 F.3d 390, 402-03 (6th Cir. 2003); *McConnell v. Swifty Transp.,*

*Inc.*, No. 04-0153, 2005 WL 1865386, at *8 (S.D. Ohio July 29, 2005).

Defendant's final objection is moot since it objected to the Report and Recommendation only to the extent that the Court concluded that Plaintiff was an "individual with a disability" under the ADA. Because the Court has rejected Plaintiff's objection to the Report and Recommendation in this regard– and has concluded that Plaintiff was not such an individual under the ADA– the Court need not consider Defendant's final objection.

Accordingly, for the foregoing reasons;

**IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry #83] to the February 28, 2008 Report and Recommendation of Magistrate Judge Komives are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's objections [docket entry #84] to the February 28, 2008 Report and Recommendation of Magistrate Judge Komives are **DENIED**.

**IT IS FURTHER ORDERED** that the February 28, 2008 Report and Recommendation of Magistrate Judge Paul Komives [docket entry #82] is **ACCEPTED AND ADOPTED** as the opinion and order of this Court.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Report and Recommendation and those stated above, Defendant's motion for summary judgment [docket entry #74] is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that Defendant is entitled to summary judgment on Plaintiff's Family Medical Leave Act interference claim based upon her being required to work on September 17, 2002. Additionally, the motion is granted to the extent that Defendant is entitled to summary judgment on Plaintiff's ADA claims. Finally, the motion is denied to the extent that Defendant is not entitled to summary judgment on

Plaintiff's remaining FMLA interference claims or on Plaintiff's FMLA retaliation claim.

**SO ORDERED.**

Dated:   April 17, 2008   		s/Paul V. Gadola
					HONORABLE PAUL V. GADOLA
					UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 17, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:   Gary T. Miotke; Megan P. Norris; Charles T. Oxender   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                             .

					s/Ruth A. Brissaud
					Ruth A. Brissaud, Case Manager
					(810) 341-7845

---